IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAVAUN JOHNSON,

        Plaintiff,

v.                                  Civil Action No. 3:24cv302

A. BENNY,

        Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia prisoner proceeding *pro se*, filed this civil action.  Plaintiff requested leave to proceed *in forma pauperis*.  By Memorandum Order entered on June 13, 2024, the Court directed Plaintiff to pay an initial partial filing fee of $31.94 or state under penalty of perjury that he did not have sufficient assets to pay such a fee within thirty (30) days of the date of entry thereof.  *See* 28 U.S.C. § 1915(b)(1).  Because Plaintiff failed to pay the initial partial filing fee within thirty (30) days, return either form, by Memorandum Opinion and Order entered on August 2, 2024, the Court dismissed the action.  (ECF Nos. 12, 13.)

On August 15, 2024, the Court received a letter that asks to appeal the dismissal and indicates that he misunderstood the Court's June 13, 2024 Memorandum Order.  (ECF No. 16, at 1.)  The Court construes this to be a request for reconsideration under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion").  *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  Here, it appears that relief is warranted in order to prevent manifest injustice.  Plaintiff indicates that he has the money to pay the initial partial filing fee of $31.94, but he is housed "in the S.H.U. and [he] believed that the fees would automatically be withdrawn from his account on a monthly basis."  (ECF No. 16, at 1.)  Plaintiff must request for the initial partial filing fee of $31.94 to be processed and sent to the Court.  Nevertheless, the Court believes that Plaintiff simply misunderstood.  Accordingly, Plaintiff's Rule 59(e) Motion, (ECF No. 16), will be GRANTED.  The Memorandum Opinion and Order entered on August 2, 2024, will be VACATED.

Within thirty (30) days of the date of entry hereof, Plaintiff must submit the initial partial filing fee of $31.94.  If Plaintiff fails to pay the fee within that time, the Court will dismiss the action without prejudice once again.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 9/9/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge